IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02394-WYD-MEH

SAUL ALVARADO CHIMAL,

    Plaintiff,

v.

FRANK D. SLEDGE, ESQ.,
WHITE AND STEELE, P.C.,
G. RONALD HEATH, and
HOOVER, HULL, BAKER AND HEATH, LLP,

    Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER  is before the Court on Frank D. Sledge's and White and Steele, P.C.'s (the "White and Steele Defendants") Motion to Dismiss Breach of Contract Claim Pursuant to Rule 12(b)(6) [docket #22], filed January 22, 2007; and on G. Ronald Heath's and Hoover Hull, LLP's (the "Heath Defendants") Motion to Dismiss Plaintiff's Claims for Breach of Fiduciary Relationship and Breach of Contract [docket #24], filed February 12, 2007.

II.    <u>FACTUAL BACKGROUND</u>

According to the allegations in the Complaint, Plaintiff Saul Chimal, a citizen of the Republic of Mexico, entered into an attorney-client relationship with the White and

Steele Defendants, who agreed to defend him in a personal injury lawsuit in United States District Court for the District of Colorado. Complaint at ¶¶ 19-21. During the course of the representation by the White and Steele Defendants, Plaintiff also entered into an attorney-client relationship with the Heath Defendants, who agreed to participate in the representation of Plaintiff's interests in the personal injury lawsuit in Colorado. Complaint at ¶¶ 27-29. According to Plaintiff, in April or May of 2005, at the advice and urging of the White and Steel Defendants and the Heath Defendants, he agreed to a settlement of the personal injury lawsuit, which made him personally liable for amounts in excess of one million dollars. Complaint at ¶¶ 37-38. Prior to and at the time of settlement of the personal injury lawsuit, the White and Steele Defendants and the Heath Defendants repeatedly promised, represented, and reassured Plaintiff that the settlement amount agreed to was in fact covered in full by Plaintiff's various insurance policies. Complaint at ¶ 39. However, after Plaintiff executed the settlement agreement, the White & Steele Defendants were notified by Plaintiff's liability insurance carrier that no liability insurance existed covering Plaintiff. Complaint at ¶ 42.

Plaintiff contends that Defendants knew or should have known that he was without assets or income sufficient to pay the amounts agreed to in the settlement, and nevertheless advised him to enter the settlement agreement without first verifying the existence of adequate insurance coverage. Complaint at ¶ 49. Based on these allegations, Plaintiff brings claims against all Defendants for negligence (the first and second claims for relief), breach of fiduciary relationship (the third and fourth claims for relief) and breach of contract (the fifth and sixth claims for relief). The White and

Steele Defendants seek dismissal of the breach of contract claim, and the Heath Defendants seek dismissal of both the breach of contract claim and the breach of fiduciary relationship claim.

III.     ANALYSIS

    A.     Matters Outside the Pleadings

As an initial matter, I note that in response to both motions to dismiss, Plaintiff has attached and incorporated the Affidavit of Melissa J. Hessler, Esq. The Tenth Circuit has held that "if matters outside the pleading are presented to and not excluded by the court," in connection with the filing of a Rule 12(b)(6) motion, that motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). However, courts have broad discretion in determining whether or not to accept materials beyond their pleadings. *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). In this case, I have determined that it is not necessary to consider the Hessler Affidavit in deciding the issues raised in the motions to dismiss and, therefore, the motions to dismiss need not be converted to motions for summary judgment.

    B.     Standard of Review

In reviewing a motion to dismiss, the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). "A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6)

only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *Id.* (quoting *Jojola v. Chavez*, 54 F.3d 488, 490 (10th Cir. 1995)). If, accepting all well-pleaded allegations as true and drawing all reasonable references in favor of plaintiffs, it appears beyond doubt that no set of facts entitle plaintiffs to relief, then the court should grant a motion to dismiss. *See Tri-Crown, Inc. v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

    C.    <u>Breach of Contract Claims</u>

In support of his breach of contract claims, Plaintiff alleges that he entered into a contract for legal representation with the White and Steele Defendants and the Heath Defendants, and that the Defendants provided legal services. Plaintiff further alleges that as part of the contract for legal representation, Defendants "assumed a duty to provide [Plaintiff] reasonable, competent, proper, careful and skilled legal advice, services and judgment," in the personal injury lawsuit. Plaintiff then states that by failing to provide these services, Defendants breached the contract for legal representation, and Plaintiff suffered damages. Complaint at ¶¶ 96-105.

Under Colorado law, a claim based on a violation of duty imposed by the attorney-client relationship generally sounds in tort. *McLister v. Epstein & Lawrence, P.C.*, 934 P.2d 844, 847 (Colo. App. 1996). While a claim for breach of the attorney-client contract is cognizable, "it must be based on a specific term in the contract." *McLister*, 934 P.2d at 847.

Here, Plaintiff's allegations are premised on general duties of care that attorneys owe to clients. Plaintiff does not cite to any specific contract provision or any specific

4

act or undertaking that Defendants have failed to perform.  Indeed, the contractual duties Plaintiff cites in support of his breach of contract claims are the same duties he cites in support of his claims for professional negligence, where he alleges that Defendants had a duty to provide "reasonable, competent, proper, careful and skilled legal services."  Complaint at ¶¶ 57, 72.  I find that Plaintiff's breach of contract claims are subsumed within his professional negligence claims.  Therefore, Plaintiff's Fifth and Sixth Claims for Relief for Breach of Contract must be **DISMISSED**.

### D. Breach of Fiduciary Duty Claims

I next address the Heath's Defendants assertion that Plaintiff's claim for breach of fiduciary duty should be dismissed because it is duplicative of his claim for professional negligence.  Where a claim for breach of fiduciary duty is duplicative of a claim for professional malpractice, the breach of fiduciary duty claim should be dismissed.  *Moguls of Aspen, Inc. v. Faegre & Benson*, 956 P.2d 618, 621 (Colo. App. 1997).  Here, Plaintiff's breach of fiduciary claims are based on allegations that Defendants breached their duties of loyalty and confidentiality.  Complaint at ¶¶ 88, 93. However, Plaintiff also alleges that Defendants "attempted to obtain a personal advantage in dealing with Plaintiff . . . [by] failing to advise Plaintiff . . . of their own misdoings and/or acted to create circumstances that adversely affected Plaintiff Chimal's known or reasonably known interests."  Complaint at ¶¶ 89, 94.

A plaintiff may sustain separate claims for professional negligence and breach of fiduciary duty where the operative allegations in the complaint assert both a violation of the standard of care, and violation of a standard of conduct.  *Aller v. Law Office of*

*Carole C. Schriefer, P.C.*, 140 P.3d 23, 27 Colo. App. 2005.  Here, the only specific allegations of misconduct other than professional negligence appear to relate exclusively to conduct by the White and Steele Defendants, not the Heath Defendants.  Specifically, Plaintiff has alleged that the White and Steele Defendants "hid, failed to disclose and refused to advise Chimal to seek counsel about Defendants' own failures, neglect, misrepresentations and misconduct . . . [and] advised Chimal to seek bankruptcy protection," rather than advising him in their mishandling of the situation.  Complaint at ¶¶ at 51-53.  However, taking all the allegations in the Complaint as true and drawing all reasonable references in favor of Plaintiff, I find that Plaintiff has pled both a breach of the standard of care and a breach of a standard of conduct as to all Defendants sufficient to withstand a motion to dismiss.  Therefore, the portion of the Heath Defendants' motion seeking dismissal of the breach of fiduciary duty claim is denied.

IV.     CONCLUSION

Accordingly, for the reasons stated above, it is

ORDERED that the White and Steele Defendants' Motion to Dismiss Breach of Contract Claim Pursuant to Rule 12(b)(6) [docket #22], filed January 22, 2007, is **GRANTED**.  Accordingly, the Fifth Claim for Relief for Breach of Contract is dismissed.  It is

FURTHER ORDERED that Defendants G. Ronald Heath, Esq. and Hoover Hull, LLP's Motion to Dismiss Plaintiff's Claims for Breach of Fiduciary Relationship and Breach of Contract [docket #24], filed February 12, 2007, is **GRANTED IN PART**.

Accordingly, the Sixth Claim for Relief for Breach of Contract is dismissed. The motion to dismiss is denied in all other respects.

Dated: April 30, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge